```
UNITED STATES DISTRICT COURT                        USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                       DOCUMENT
------------------------------------------------------------ X   ELECTRONICALLY FILED
                                                    :            DOC #:_____
JONATHAN HERNANDEZ,                                 :            DATE FILED: 4/14/17
                         Plaintiff,                 :
                                                    :            13 Civ. 8640 (LGS)
              v.                                    :
                                                    :            **OPINION AND ORDER**
GOLDFARB PROPERTIES, INC., et al.,                  :
                                                    :
                         Defendants.                :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

    Defendants Goldfarb Properties, Inc. ("Goldfarb Properties"), Pelican Management, Inc. ("Pelican"), Philip Goldfarb and Brett Obletz move to confirm a December 10, 2016, arbitration award (the "Award") rendered in their favor. Plaintiff Jonathan Hernandez does not oppose the motion. For the reasons stated below, Defendants' motion to confirm the arbitration award is granted.

**I.    Background**

    On December 5, 2013, Hernandez filed a complaint against Defendants alleging employment discrimination based on race and retaliation in violation of 42 U.S.C. § 1981 and the New York City Human Rights Law. On March 4, 2014, Defendants moved to dismiss the complaint, or in the alternative, to compel arbitration of the claims pursuant to a mandatory arbitration provision of the Collective Bargaining Agreement (the "Agreement") between Plaintiff's union, Service Employees International Union, Local 32BJ (the "Union"), and "the Property Owner." By order dated May 7, 2014, Defendants' motion to dismiss was denied, and their motion to compel arbitration was granted.

On December 10, 2016, following a four-day evidentiary hearing, the arbitrator dismissed Hernandez's claims in their entirety.  Specifically, the arbitrator found that "[Hernandez] was not treated less well than others because he is Hispanic or because he complained about Mr. Obletz's conduct or style of management," but was instead reprimanded and discharged for numerous performance deficiencies.  The arbitrator also found that Hernandez failed to link any allegedly discriminatory acts to any type of discriminatory animus.  Accordingly, the arbitrator concluded that Hernandez failed to meet his burden to prove any of his claims.

On December 22, 2016, Defendants moved to confirm the Award.  On January 4, 2017, Hernandez was ordered to file any opposition to the motion by March 10, 2017, which he did not do.

**II.     Discussion**

The Award is confirmed.  The Federal Arbitration Act ("FAA") governs confirmation of an arbitration award rendered in an employment discrimination dispute.  *See, e.g.*, *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011) (applying FAA and affirming arbitration award in employment discrimination case); *McQueen-Starling v. UnitedHealth Grp., Inc.*, 654 F. Supp. 2d 154, 160 (S.D.N.Y. 2009) (same). Ordinarily, confirmation of an arbitration decision is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015).  The Court "must grant [a request to confirm a decision] unless the award is vacated, modified, or corrected." *D.H. Blair & Co., v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting 9 U.S.C. § 9) (internal quotation marks omitted).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be

2

inferred from the facts of the case." *Id.* (internal quotation marks omitted). A "barely colorable" justification for the arbitrator's decision is sufficient to meet this standard. *Id.*

Under the FAA, the losing party in an arbitration proceeding has three months to move for vacatur or modification of the arbitration award following the proceeding. *See* 9 U.S.C. § 12. "When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 177 (2d Cir. 1984). Generally, "a district court should treat an unanswered . . . petition to confirm . . . as an unopposed motion for summary judgment." *D.H. Blair*, 462 F.3d at 110.

Here, the three-month limitations period for challenging the Award expired on March 10, 2017. Hernandez did not move to vacate or modify the Award before that date. However, "when ruling on [an unopposed] motion to confirm an arbitration award, the court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *Trustees of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428–29 (S.D.N.Y. 2008).

Defendants' motion to confirm has merit. The arbitrator's finding is not disputed, and is supported by the record before the arbitrator at the time she made her decision. Therefore, as there are "no material issue[s] of fact remain[ing] for trial" and the "arbitrator's decision can be inferred from the facts of the case," Defendants are entitled to summary confirmation of the Award. *D.H. Blair*, 462 F.3d at 110; *see also, e.g.*, *Nat'l Health Fund*, 535 F. Supp. 2d at 429 (confirming arbitration award where "respondents have offered no opposition and have not raised any questions of fact," "arbitrator sufficiently justified his conclusion" based on audit of

respondent's payroll records conducted by petitioner and there was no evidence of improper action by arbitrator).

**III.    Conclusion**

For the foregoing reasons, Defendants Goldfarb Properties, Inc., Pelican Management, Inc., Philip Goldfarb and Brett Obletz's motion for confirmation of the Award is GRANTED.

The Clerk of Court is respectfully directed to close the case.

Dated: April 14, 2017
       New York, New York

**LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE**

4